IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD BALLEW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| PHOENIX SOLUTIONS, INC., ) | JURY DEMANDED |
| and RICHARD A. SCRUGGS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

COMES NOW the Plaintiff, RICHARD BALLEW ("Plaintiff"), and files this Complaint, showing the Court as follows:

**Nature of Claims**

1.

This lawsuit arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") for Defendants' failure to pay Plaintiff properly under the FLSA, including failure to pay overtime, improper deductions, recordkeeping violations and failing to pay Plaintiff for each hour worked.

2.

This lawsuit also arises under the FLSA for violation of 29 U.S.C. § 215(a)(3), in that Defendants terminated Plaintiff's employment in retaliation for complaining about Defendants' failure to pay him properly.

**Parties**

3.

Defendant Phoenix Solutions, Inc. ("PSI") is a Georgia limited liability company that provides general contracting, engineering and real estate/land services to the federal, state, local and private sectors.  Its principal place of business is 507 Plantation Park Drive, Loganville, Georgia 30052, and it can be served with process through its Registered Agent, Richard A. Scruggs, at the same address.

4.

Defendant Richard A. Scruggs is an individual resident of Georgia, and the Chief Executive Officer, Chief Financial Officer and Secretary of Defendant PSI. Defendant Scruggs had the power to hire and fire Plaintiff and supervised and controlled the terms and conditions of his employment.  Defendant Scruggs was

responsible for the unlawful pay decisions and practices and other unlawful decisions and practices at issue in this case.

5.

Plaintiff is a resident of Georgia, and he worked for Defendants from 2005 (with the exception of a short time in 2006) until he was terminated in September 2011 in retaliation for complaining about Defendants' pay practices.

**Jurisdiction and Venue**

6.

This Court has original subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), as well as 28 U.S.C. §§ 1331 and 1343.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and N.D.Ga. Local Rule 3.1(B).

**Facts**

8.

Plaintiff worked for Defendants under various titles, including Utility Locator, Surveyor, Documents Clerk, Project Manager, Project Coordinator and GPR Specialist and GPR Division Leader.

9.

At all times relevant to this action, Defendants paid Plaintiff on an hourly basis.  His most recent hourly rate of pay was $28.85 per hour.

10.

Plaintiff regularly worked in excess of 40 hours in a workweek, but he was never paid at a rate of time and one-half for those hours worked in excess of 40.

11.

On occasion, Defendants also failed to pay Plaintiff for actual hours that he worked.

12.

Defendants also deducted amounts from Plaintiff's wages for unlawful reasons, including, but not limited to, late time sheets.

13.

Upon information and belief, Defendants did not properly maintain their payroll records as required under the FLSA.

14.

Plaintiff complained to Defendants about their unlawful payroll practices.

15.

On or about September 9, 2011, Defendants terminated Plaintiff's employment in retaliation for his complaints about Defendants' FLSA violations.

## COUNT ONE: FLSA VIOLATIONS

16.

Plaintiff incorporates paragraphs 1-15 of his Complaint into this Count.

17.

Plaintiff was required to work by Defendants, and indeed did work, in excess of forty (40) hours per week.

18.

Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiff was entitled to be paid at a rate of one and one-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

19.

Defendants also were required to pay Plaintiff for each hour he worked without deducting from his compensation for unlawful reasons.

20.

Defendants further were required under the FLSA to maintain certain records relating to the hours worked and wages paid to Plaintiff.

21.

Defendants failed to meet their requirements under the FLSA to pay overtime, to pay for each hour worked without improper deductions, and to maintain records as mandated by the FLSA.

22.

Defendants also violated the FLSA by terminating Plaintiff in retaliation for his complaints about Defendants' failure to pay him properly.

23.

Defendants' violations of the FLSA were intentional and willful, and Defendants did not make good faith efforts to comply with the FLSA.

24.

As a result of Defendants' unlawful acts, Plaintiff is entitled to an award of unpaid overtime and wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees, costs of litigation, and other relief.

## PRAYER FOR RELIEF

Based upon the foregoing, Plaintiff respectfully requests that the Court:

(a) Grant judgment to Plaintiff for his claims of unpaid wages and overtime, and award him damages, liquidated damages, attorney's fees and interest under the FLSA;

(b) Grant judgment to Plaintiff for his claim of retaliatory discharge, and award him back pay, front pay, and all other damages permissible under the FLSA and the law;

(c) Award Plaintiff pre- and post-judgment interest;

(d) Award Plaintiff his costs of litigation and attorney's fees;

(e) Grant Plaintiff a jury trial; and

(f) Grant Plaintiff all other relief the Court deems just and proper.

Respectfully submitted this 17th day of November, 2011.

                                    SALTER THOMSPON LAW, P.C.

                                    /s/ Amanda S. Thomspon
                                    Amanda S. Thompson
                                    Georgia Bar No. 622854

Amanda S. Thompson
Salter Thompson Law, P.C.
3535 Piedmont Road
Building Fourteen, Suite 410
Atlanta, Georgia 30305

Tel:  (404) 247-0107
Fax:  (404) 920-4342
amanda@stlaborlaw.com

ATTORNEYS FOR PLAINTIFF RICHARD BALLEW