CONFIDENTIAL

## AMENDED SETTLEMENT AGREEMENT, RELEASE OF CLAIMS AND COVENANT NOT TO SUE

This Amended Settlement Agreement is made and entered into on this the 2nd day of May, 2013, by and between Richard Ballew, and all of his heirs, executors, administrators, successors and assigns on the one hand ("Employee") and Phoenix Solutions, Inc. and each of its assigns, parent companies, subsidiary companies, commonly owned or controlled companies, officers, directors, shareholders, insurers, employees, and agents ("Phoenix"), and Richard A. Scruggs, and each of his heirs, executors, administrators, successors, insurers and attorneys ("Scruggs") (Phoenix and Scruggs will be referred to collectively as "Parties of the Second Part") on the other hand. Employee and Parties of the Second Part may be sometimes referred to herein as "the Parties."

### WITNESSETH

**WHEREAS**, Employee was previously employed by Phoenix; and

**WHEREAS**, Employee's employment with Phoenix terminated on September 9, 2011, and

**WHEREAS**, Employee has filed suit in the United States District Court for the Middle District of Georgia, Civil Action No. 3:12-CV-69 (CAR) ("Litigation") claiming that the Parties of the Second Part owe him compensation under the Fair Labor Standards Act ("FLSA") and the Parties of the Second Part retaliated against him in violation of the FLSA; and

**WHEREAS**, the Parties of the Second Part dispute and deny Employee's claims and assert that Employee was not entitled to overtime compensation, that during his employment with Phoenix, employee was paid all monies to which he was entitled under the FLSA and all other applicable laws, and neither of the Parties of the Second Part collectively or individually otherwise violated any of his rights or breached any obligation they may have owed to him; and

**WHEREAS**, the Parties have engaged in extensive settlement negotiations and have reached the agreement set forth herein.

**NOW THEREFORE**, for and in consideration of the agreement set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties covenant and agree as follows:

1. **Settlement**.

    (a) Following execution of this Agreement and as specified below, Phoenix, on behalf of the Parties of the Second Part, shall pay to or on behalf of Employee, the gross total sum of twenty one thousand dollars and no cents ($21,000.00)

Initials: RB / RAT

CONFIDENTIAL

("Settlement Payment") as full and final settlement of any and all matters and disputes between Employee and the Parties of the Second Part, collectively and individually, up to the date of this Agreement. The Settlement Payment shall be paid by checks delivered to Employee's counsel, as follows:

(i) one check payable to Employee in the gross amount of Two Thousand dollars and no cents ($2,000.00) less legally required withholdings based on the last form W-4 submitted by Employee to Phoenix, to be reported by Phoenix as W-2 income to Employee;

(ii) one check payable to Employee in the amount of Eleven Thousand Three Hundred Eighty-One dollars and 25 cents ($11,381.25) to be reported by Company as 1099-miscellaneous income to Employee; and

(iii) one certified check payable to Salter Thompson Law, P.C., in the amount of Seven Thousand Six Hundred Eighteen dollars and 75 cents ($7,618.75) as compensation for all costs and attorneys' fees Employee may have incurred in connection with the claims asserted or any other matter related to the Parties of the Second Part.

(b) The Settlement Payment shall be paid within five (5) days from the Effective Date of this Agreement as defined in Paragraph 8 below.   (c)   The Parties further acknowledge that no portion of the Settlement Payment is for punitive damages.

(d) If the Settlement Payment as provided for in Section 1(a) above, is not timely paid as provided for in Section 1(b), the Parties of the Second Part shall, in addition to the Settlement Payment, pay Employee four thousand dollars and no cents ($4,000.000) ("Supplementary Payment"). The Supplementary Payment shall be made in one check payable to Employee and it shall be due and payable on the day following Phoenix's breach of its obligation to pay the Settlement Payment as provided for in Section 1(b) above.

(e) If the Settlement Payment and, if applicable, the Supplementary Payment is not paid when due, and if Employee prevails in a legal action against the Parties of the Second Part, or either of them, for breach of the payment obligations under this Section 1, Employee shall be entitled to recover reasonable attorney's fees and costs from the Parties of the Second Part.

2. **Release and Waiver**.

(a) **Full and Final Settlement of Claims**. Employee clearly understands and expressly represents that this Agreement is being executed and the Settlement Payment and the other consideration provided for herein is being made as full and final compensation for all claims against the Company that Employee raised in the Litigation . The consideration provided for herein is full and final compensation for

Initials: _RS_
_RAS_

CONFIDENTIAL

all unpaid wages, liquidated damages, interest, attorney fees and costs of litigation.. .

(b) <u>Full Accord and Satisfaction</u>. The Parties agree that the Settlement Payment described in paragraph 1 above is given in full accord and satisfaction of all claims for unpaid wages, and related liquidated damages, interest, attorney fees and costs of litigation that Employee has or may have against the Company.

(c) It is the intention of the Parties that this Agreement be interpreted as broadly as possible such that the Parties of the Second Part, collectively and individually, shall have no further obligations or liability of any sort or nature to Employee, directly or indirectly, for unpaid wages other than as set forth herein.

(d) The Parties of the Second Part collectively and individually make no representation and provide no guaranty or assurance regarding the tax consequences to Employee for payment of the Settlement Payment. Except for any withholding amounts to be paid by Phoenix as specified in Section 1 above, Employee (or Employee's counsel with respect to the payment of costs and attorneys' fees) shall be responsible for any and all taxes that may be due as a result of the Settlement Payment. It is expressly understood and agreed by Employee that should the Parties of the Second Part, or either of them individually, incur tax liability, charges or expenses whatsoever as a result of not making any such withholdings to the applicable local, state or federal tax agencies, Employee will indemnify and reimburse the Parties of the Second Part and each of them individually for such usual and reasonable costs associated with not making withholdings. Said reimbursement shall be made within thirty (30) days of Employee's receipt of reasonable documentation that the Parties of the Second Part or either of them individually incurred liability, charges or expenses as a result of not making any withholdings to the applicable tax agency.

(e) The Parties agree that in addition to any other remedies which may be available to the Parties of the Second Part, collectively or individually, in the event of a breach of this Section 2 by Employee, the Parties of the Second Part, collectively and individually, shall be entitled to recover the full damages for said breach, plus reasonable attorney fees, costs, and expenses in attempting to enforce the terms of this Agreement.

(f) Employee expressly acknowledges that this release, waiver and covenant not to sue is made knowingly and voluntarily and with a full understanding of its terms.

3. <u>Duty to Return Company Property</u>.

(a) Employee represents that all "Company Property" in his possession has been given to his counsel. Within five (5) days of the date the Settlement Payment has been cleared for payment by Employee's, or his counsel's, bank or

Initials: *RB*
         *RAS*

CONFIDENTIAL

other financial institution, Employee's counsel shall deliver all such property to counsel for the Parties of the Second Part at: 507 Plantation Park Drive Loganville, Georgia 30052. For purposes of this Section, "Company Property" shall include all originals and copies of documents pertaining to Company's products, services or business, all samples of products, and any other tangible item Employee received from Company or any of its suppliers, prospective suppliers, customers or prospective customers, in the course of or as a result of Employee's employment with Phoenix, as defined above. For purposes of this Section, Company Property does not include documents Employee may have received reflecting any salary or other payment made to him, or any benefit provided to him, in the course of or as a result of his employment with Phoenix.

(b)  Employee agrees that within five (5) days of the date the Settlement Payment has been cleared for payment by Employee's, or his counsel's, bank or other financial institution, he shall permanently delete any Company Property (e.g., any document or information) stored on any electronic device, including, but not limited to, any computer, PDA, or cell phone not belonging and returned to Company.

4.  **Non-Disparagement**.

(a)  Employee agrees not to criticize, disparage, or otherwise demean in any way the Parties of the Second Part, collectively or individually, or any service or product they may provide.

(b)  Phoenix agrees that it will not, by or through its officers, directors, or agents, including, but not limited to, Scruggs and the other officers of Phoenix, criticize, disparage, or otherwise demean in any way Employee.

5.  **No Admission of Liability**.

Neither the Parties of the Second Part collectively or individually concede or admit that, with respect to Employee, they have violated any law, statute, ordinance, or contract and/or failed as to any duty or obligation whatsoever, or engaged in any kind of wrongful conduct. Indeed, the Parties of the Second Part collectively and individually specifically deny that they have engaged in any such conduct. The Parties of the Second Part enter into this Agreement solely in the interest of avoiding additional costs which would result from litigation, and Employee acknowledges that the consideration described in this Agreement is adequate and sufficient and represents a full and complete settlement of any and all claims and/or rights as more fully described herein.

6.  **Future Employment**.

Employee agrees that he will not apply for or otherwise seek employment with Phoenix, any of its affiliated entities, or any entity in which either Phoenix or

Initials: *RB*
*RAS*

CONFIDENTIAL

Scruggs have any ownership or managerial interest, and that neither Phoenix, nor any of its affiliated entities, or any entity in which either Phoenix or Scruggs have any ownership or managerial interest have any obligation, contractual or otherwise, to hire him in the future.

7. **General Provisions.**

(a) Employee represents, warrants, and agrees that he has not, and will not, assign, convey, or otherwise transfer any interest in any claims or other liabilities or obligations which are the subject of this Agreement. The Parties of the Second Part may assign their rights under this Agreement.

(b) Except where prohibited by law, Employee represents, warrants and agrees that he will not institute, maintain, voluntarily assist in or otherwise encourage any suit, action, or other proceeding at law, in equity, or otherwise, against the Parties of the Second Part, either collectively or individually. However, , nothing herein shall prevent Employee from complying with any subpoena or order provided that Employee, through his attorney, if any, gives the Parties of the Second Part notice of such subpoena or order immediately upon receipt. The Parties specifically and expressly agree that this Section does not prohibit Employee from engaging in any legally protected activity.

(c) Employee acknowledges and agrees that with the payment being made under this Agreement he will have received all monies to which he may be entitled under the FLSA, including for minimum wage, overtime, liquidated damages, interest and attorneys' fees, as well as for retaliation in violation of the FLSA, and that with the payment being made herein he is not entitled to any further payment under the FLSA. Employee further agrees that other than as is expressly provided for in this Agreement he will not accept any further payment from Phoenix or Scruggs representing compensation for time worked and that in the event that Employee should receive any payment from either Phoenix or Scruggs, representing compensation of any kind under the FLSA as a result of an action or other proceeding, he will immediately assign any and all such monies to Phoenix.

(d) Employee acknowledges and agrees that during his employment with Phoenix he was provided all leave to which he may have been entitled under the Family and Medical Leave Act.

(e) Employee represents, warrants, acknowledges and agrees that he did not incur any workplace injury while employed by Phoenix.

(g) The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed to constitute an executed original, even though not all signatures may appear on the same counterpart.

(h) Employee acknowledges that he has read and fully understands the

Initials: _RS_
_LAS_

terms of this Agreement, with adequate opportunity and time for such review; that this Agreement has been the result of substantive negotiations in which Employee was represented by counsel of his choosing; and that he is fully aware of its contents and of its legal effect. Accordingly, this Agreement shall not be construed against any party on the grounds that such party drafted this Agreement. Instead, this Agreement shall be interpreted as though drafted equally by all parties. Employee enters into this Agreement freely and voluntarily and with a full understanding of its terms. Employee acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made to him by the Parties of the Second Part, or either of them, to induce execution of this document. Employee further states that the only representations made to him in order to obtain his consent to this Agreement are stated herein and that he is signing this Agreement voluntarily and without coercion, intimidation or threat of retaliation.

(i)     This Agreement embodies the entire understanding of the Parties and all of the terms and conditions with respect to the matters discussed herein; it supersedes and annuls any and all other or former agreements, contracts, promises or representations, whether written or oral, expressed or implied, made by, for, or on behalf of the Parties of the Second Part collectively and each of them individually, and it may not be altered, superseded, or otherwise modified except in writing signed by the party to be charged. The Parties specifically agree that this Agreement replaces and supersedes the previous Settlement Agreement dated February 27, 2013.

All executed copies of this Agreement are duplicate originals, equally admissible as evidence.

(j)     Failure by any party to enforce any of the remedies provided to it in this Agreement shall not be deemed a waiver of those rights.

(k)     The party representative executing this Agreement on behalf of Phoenix warrants that he is the duly authorized representative of Phoenix, and is fully empowered to execute this Agreement on behalf of the company.

(l)     This Agreement shall be construed in accordance with the laws of the State of Georgia. If any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

(m)     Any action to enforce this Agreement must be brought in the State or Superior Court of Walton County, Georgia or the United States District Court for the Middle District of Georgia as appropriate and all of the Parties consent to the jurisdiction and venue of those courts.

(n)     Should any part of this Agreement be rendered or declared invalid by a

Initials: _RS_
          _RAS_

CONFIDENTIAL

court of competent jurisdiction, such invalidation of such part or portion of this Agreement should not invalidate the remaining portions hereof, and they shall remain in full force and effect.

(o) Except as may be expressly stated otherwise, all notices, correspondence and other matters to be sent should be sent to the parties as follows: (1) to Employee Richard Ballew, 407 Winston Manor Dr., Winder, GA 30680-2292 with a copy to counsel for Employee as follows: Amanda S. Thompson, Salter Thompson Law, P.C., 3535 Piedmont Road NE, Building 14, Suite 410, Atlanta, GA 30305; and (2) to the Parties of the Second Part at the address set forth in Section 3 above, with a copy to counsel for Parties of the Second Part as follows: Danette Joslyn-Gaul, Esq., of Wimberly, Lawson, Steckel, Schneider & Stine, P.C., 3400 Peachtree Road, N.E., Suite 400, Atlanta, Georgia 30326.

8. Date.

The Effective Date of this Agreement will be the day the Court provides notice to the Parties that it has approved and entered this Agreement.

This Is A Release

Read Before Signing

RICHARD BALLEW

*Richard Ballew*

Date: 5-2-2013

PHOENIX SOLUTIONS, INC.
By: Richard A. Scruggs
Its: President

*[signature]*

Date: 5-6-13

RICHARD A. SCRUGGS
Individually

*[signature]*

Date: 5-6-13

F:\Client\Phoenix Solutions\BALLEW - 1-12-cv-0069\Pleadings\SETTLEMENT AGREEMEN1 Post Order.docx

Initials: RB
          RAS