IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RICHARD BALLEW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:12-CV-69(CAR) |
| | : | |
| PHOENIX SOLUTIONS, INC., and | : | |
| RICHARD A. SCRUGGS, | : | |
| | : | |
| Defendants. | : | |

### ORDER ON SECOND JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND DISMISSING ACTION

This matter is currently before the Court on the parties' Second Joint Motion for Order Approving Settlement and Dismissing Action [Doc. 31]. The parties seek judicial approval of the settlement of Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"). As explained below, the Court **GRANTS** the parties' Motion [Doc. 31] and hereby **DISMISSES** this case with prejudice.

Plaintiff Richard Ballew filed this action alleging that during his employment, Defendants failed to pay him all overtime wages due to him under the FLSA and that Defendants retaliated against him for engaging in protected activity in violation of the FLSA. Throughout this action, Defendants have denied that they willfully violated the FLSA, and contend they paid Plaintiff all monies to which is entitled under the FLSA,

1

that neither Defendant retaliated against Plaintiff in violation of the FLSA or otherwise, and that therefore neither Defendant is liable to Plaintiff for overtime compensation or for any other reason.

In accordance with this Court's prior Order denying the parties' request to file the proposed settlement agreement under seal and denying without prejudice their request to approve the settlement agreement [Doc. 30], the parties have now filed the proposed settlement agreement on the record and seek approval of the agreement and dismissal of this action. No objections to the Settlement Agreement have been filed.

In reviewing a settlement of a private FLSA claim, this Court must "scrutinize[] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355.  The court may approve the settlement if it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." Id. at 1354.

Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of unpaid wages Plaintiff is entitled to receive.  Having reviewed the matter, the Court concludes that the terms of the settlement are embodied in the Settlement Agreement, and are fair and reasonable resolutions of the bona fide disputes.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the parties' Second Joint Motion for Order Approving Settlement and Dismissing Action [Doc. 31]. This case is hereby **DISMISSED** with prejudice.

SO ORDERED this 17th day of May, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH